UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:19-cv-80479-ROSENBERG/REINHART

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.

PAULA MARIE SACCOMANNO
and DENNIS SWERDLEN,

    Defendants.
_____/

**FINAL JUDGMENT AS TO DEFENDANTS
PAULA MARIE SACCOMANNO AND DENNIS SWERDLEN**

The Securities and Exchange Commission having filed a Complaint, and Defendants Paula Marie Saccomanno and Dennis Swerdlen (collectively, "Defendants") having entered a general appearance; consented to the Court's jurisdiction over them and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph VIII); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 15(a)(1) of the Exchange Act, 15 U.S.C. § 78o(a)(1), by making use of the mails or any means or instrumentality of interstate commerce to effect transactions in or induce or attempt to induce the purchase or sale of securities while they, or anyone hired by them to effect transactions in or

induce or attempt to induce the purchase or sale of securities, are not registered with the Commission as a broker or dealer or while they, or anyone hired by them to effect transactions in or induce or attempt to induce the purchase or sale of securities, are not associated with an entity registered with the Commission as a broker or dealer.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) the officers, agents, servants, employees, and attorneys of either Defendant; and (b) other persons in active concert or participation with either Defendant or with anyone described in (a).

## II.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating Section 5 of the Securities Act of 1933 ("Securities Act"),15 U.S.C. § 77e, by, directly or indirectly, in the absence of any applicable exemption:

    (a)    unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b)    unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale, or;

(c) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) the officers, agents, servants, employees, and attorneys of either Defendant; and (b) other persons in active concert or participation with either Defendant or with anyone described in (a).

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating Section 17(a)(2) of the Securities Act, 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly, to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or

misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

      (a)     any investment in or offering of securities,

      (b)     the registration status of such offering or of such securities,

      (c)     the prospects for success of any product or company,

      (d)     the use of investor funds; or

      (e)     compensation to any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) the officers, agents, servants, employees, and attorneys either Defendant; and (b) other persons in active concert or participation with either Defendant or with anyone described in (a).

## IV.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from directly or indirectly, including, but not limited to, through any entity owned or controlled by any of them, soliciting any person or entity to purchase or sell any security.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) the officers, agents, servants, employees, and attorneys of either Defendant and (b) other persons in active concert or participation with either Defendant or with anyone described in (a).

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock being any equity security that has a price of less than five dollars, except as provided in Exchange Act Rule 3a51-1, 17 C.F.R. § 240.3a51-1.

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that:

(a) Defendants are jointly and severally liable for disgorgement of $117,310.50, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $4,763.28;

(b) Defendant Saccomanno is liable for a civil penalty in the amount of $12,500.00 pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)];

(c) Defendant Swerdlen is liable for a civil penalty in the amount of $12,500.00 pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3).

Defendants shall satisfy their obligation by paying, as set forth above, to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm. Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; the Defendant's name, as identified a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making such payment, Defendants relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to any Defendants.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendants shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff

determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendants' payment of disgorgement in this action, argue that he or it is entitled to, nor shall he or it further benefit by, offset or reduction of such compensatory damages award by the amount of any part of either Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendants shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against either Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consents of the Defendants are incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendants, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendants under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendants of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment for a period of 30 days.

The Clerk of Court is instructed to CLOSE THIS CASE. All deadlines are TERMINATED.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 22nd day of April, 2019.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record